**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IGLOO PRODUCTS CORP.,

               Plaintiff,

    v.

ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY,

               Defendant.

Case No.  26-cv-3968

**JURY TRIAL DEMANDED**

### COMPLAINT

Plaintiff, Igloo Products Corp. ("Igloo"), by its attorneys, and for its Complaint against Allianz Global Risks US Insurance Company ("Allianz"), alleges as follows:

### INTRODUCTION

1.  This is an insurance coverage action for damages and declaratory relief arising out of Allianz's improper refusal to defend Igloo against various underlying putative class action products lawsuits.

2.  Igloo has been one of the world's leading and most trusted manufacturers of coolers for more than 75 years.  Among its most popular and well-known products are rolling coolers, equipped with wheels and handles that allow for the easy transport of chilled food and beverages.

3.  Since it was acquired by Dometic Corporation ("Dometic") in October 2021, Igloo has been insured by Allianz for lawsuits alleging, *inter alia*, that Igloo's products had caused bodily injury during the policy period.  Pursuant to these policies, Allianz is contractually required to defend Igloo against lawsuits with any potentially covered allegations.

4.  Igloo was sued in a series of putative class action lawsuits alleging that the tow handle on certain of Igloo's rolling coolers has a defect that caused fingertip pinches, amputations,

bone fractures, and lacerations to representative plaintiffs and members of putative classes during one or more of the Allianz policy periods. Igloo turned to Allianz to defend these suits.

5. Rather than comply with its contractual obligation to defend Igloo, Allianz denied coverage, leaving Igloo to defend itself.

6. As a result of Allianz's wrongful refusal to defend and denial of coverage, Igloo is entitled to: (i) damages and prejudgment interest arising from Allianz's breach of its contractual obligation to defend Igloo; (ii) a declaratory judgment that Allianz is obligated to continue to defend Igloo; and (iii) pursuant to 215 ILCS § 5/155, statutory damages, attorneys' fees, and other costs incurred in connection with this action for Allianz's vexatious and unreasonable refusal to pay under its policies.

## PARTIES

7. Igloo is Delaware corporation with its principal place of business in Katy, Texas.

8. On information and belief, Allianz is an Illinois corporation with its principal place of business in Chicago, Illinois. Allianz is authorized to issue policies of insurance in the state of Illinois.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. The parties are citizens of different states, and Igloo seeks damages in excess of $75,000, exclusive of costs and interest.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Allianz has its principal place of business within this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District, including where some of the Allianz Policies were negotiated and delivered.

## FACTUAL BACKGROUND

**A.      The Allianz Policies**

11.      For the period of October 1, 2021 through October 1, 2025, Allianz issued a series of four commercial general liability policies (collectively, the "Allianz Policies") to Igloo's parent company, Dometic.  True and correct copies of the Allianz Policies are attached hereto as **Exhibits A through D**.

12.      Igloo is a named insured on all of the Allianz Policies.

13.      The Allianz Policies provide insurance coverage, including a duty to defend and indemnify Igloo, with respect to, among other things, claims seeking damages because of bodily injury that occurred during the policy period.

14.      Each of the Allianz Policies contains limits of $5,000,000 for each occurrence and $5,000,000 in the aggregate, subject to a deductible that applies to Allianz's duty to indemnify, and no deductible that applies to its duty to defend.

**B.      The Underlying Claims**

15.      Beginning in 2025, a number of individuals filed putative class action lawsuits against Igloo alleging that certain of Igloo's rolling coolers known as the Flip & Tow 90 QT Coolers (the "Rolling Coolers") were defective because the tow handle can pinch and injure users' fingertips.

16.      On February 21, 2025, Kathryn Trainor filed a putative class action complaint against Igloo in the United States District Court for the Eastern District of Pennsylvania, captioned *Trainor v. Igloo Products Corp.*, No. 2:25-cv-00941-GAW (the "*Trainor Action*").  In the *Trainor Action*, the plaintiff alleged, among other things, that she had "been pinched by the handle numerous times, causing discomfort and potential injury."  On March 25, 2025, the plaintiff in the *Trainor Action* voluntarily dismissed her complaint and subsequently included her claims in an

amended complaint filed in the *Zannettino Action* (as defined below).

17. On March 5, 2025, Anthony Zannettino filed a putative class action complaint against Igloo in the United States District Court for the Central District of California, captioned as *Zannettino v. Igloo Products Corp.*, No. 2:25-cv-01917 (the "*Zannettino Action*"). On April 14, 2025, the plaintiff filed an amended complaint to include Kathryn Trainor as a named plaintiff and alleged, among other things, that "Plaintiff Trainor has been pinched by the handle multiple times, causing discomfort and potential injury."

18. On March 11, 2025, Kelsea Holton and Luis Miranda filed a putative class action complaint against Igloo in the United States District Court for the District of Delaware, captioned as *Holton and Miranda v. Igloo Products Corp.*, No. 1:25-cv-00298-UNA (the "*Holton/Miranda Action*"). In the *Holton/Miranda Action*, the plaintiffs alleged, among other things, that "Plaintiff Miranda has experienced the defect, as the tow handle has pinched his fingers on several occasions, causing bruising and pain."

19. On March 28, 2025, Robert Castellano filed a putative class action complaint against Igloo in the United States District Court for the Central District of California, captioned as *Castellano v. Igloo Products Corp.*, No. 2:25-cv-02733 (the "*Castellano Action*"). In the *Castellano Action*, the plaintiff alleged, among other things, that "[w]hile his son was moving the Cooler, the handle suddenly snapped back and pinched his fingers." The *Castellano Action* was consolidated with the *Zannettino Action* on May 22, 2025.

20. On April 8, 2025, Vy Nguyen filed a putative class action complaint against Igloo in the United States District Court for the Central District of California, captioned as *Nguyen v. Igloo Products Corp.*, No. 8:25-cv-00716 (the "*Nguyen Action*"). In the *Nguyen Action*, the plaintiff alleged, among other things, she "began experiencing pinching issues with her Flip &

- 4 -

Tow Cooler almost immediately after purchasing it, with the Defective handle catching and pinching her fingertips during regular use." The *Nguyen Action* was also consolidated with the *Zannettino Action* on May 22, 2025.

21. In addition to the *Trainor Action*, the *Zannettino Action*, the *Holton/Miranda Action*, the *Castellano Action*, and the *Nguyen Action* (the "Individual Class Actions"), several other individuals filed individual complaints against Igloo with similar allegations.

22. The plaintiffs and putative class members in the Individual Class Actions sought all actual, general, special, incidental, statutory, and consequential damages to which they are entitled based on these factual allegations.

23. On October 21, 2025, several of these same plaintiffs, including Zannettino, Trainor, Castellano, and Nguyen, filed a Consolidated Class Action Complaint (the "Consolidated Class Action Complaint") in the United Stated District Court for the District of Delaware, captioned as *In re Igloo Cooler Recall Litigation*, No. 1:25-cv-00298-JLH-EGT (the "Consolidated Class Action"). A true and correct copy of the Consolidated Class Action Complaint is attached hereto as **Exhibit E**.

24. The plaintiffs in the Consolidated Class Action bring claims on behalf of themselves and putative classes defined to include "[d]uring the fullest period allowed by law, all persons who purchased or owned a Rolling Cooler in the United States[,]" as well as classes of "all persons who purchased or owned a Rolling Cooler" in California, Massachusetts, Missouri, and Illinois." Ex. E at ¶119.

25. The Consolidated Class Action Complaint alleges that the tow handle on the Rolling Coolers has "a dangerous Defect that severely maimed and injured consumers." Ex. E at ¶279.

26. The Consolidated Class Action Complaint contains links to online recall notices for

the Rolling Coolers posted by the United States Consumer Product Safety Commission, with the first stating that "[t]he firm has received 12 reports of fingertip injuries, including fingertip amputations, bone fractures, and lacerations" and the second stating "[s]ince the recall was announced in February 2025, Igloo has received 78 reports of fingertip injuries, including 26 resulting in fingertip amputations, bone fractures or lacerations."  Ex. E at ¶¶3-5 fn. 3 and fn. 4.

27.     The Consolidated Class Action Complaint also alleges that "multiple Plaintiffs have personally experienced pinching of their fingers during normal use of the Rolling Cooler." Ex. E at ¶10.  In particular, Plaintiff Nguyen alleges that the tow handle caught and pinched her fingertips during regular use. Plaintiff Barragen likewise alleges that the tow handle caught and pinched his fingertips during regular use.

28.     The Consolidated Class Action Complaint alleges that the plaintiffs and putative class members have been injured and will continue to be injured by the alleged defects in the Rolling Coolers.

29.     The Consolidated Class Action Complaint seeks, among other things, actual and compensatory damages for the injuries allegedly incurred by the plaintiffs and the putative class members. The Consolidated Class Action Complaint does not disclaim damages for the bodily injuries allegedly incurred by either the plaintiffs or the putative class members as a result of the Rolling Coolers.

30.     Allianz has actual knowledge that some users of the Rolling Coolers have allegedly been injured by the tow handles on the Rolling Coolers because Allianz has defended against, and is currently defending against, claims against Igloo arising out of the Rolling Coolers, including multiple claims alleging bodily injuries.

C.     **Allianz's Coverage Denial**

31.     Igloo provided timely notice of each of the Individual Class Actions and the

Consolidated Class Action to Allianz.

32.     By letter dated November 13, 2025, Allianz denied coverage for the *Trainor Action*, the *Zannettino Action*, the *Holton/Miranda Action*, the *Castellano Action*, and the *Nguyen Action*. According to Allianz, "none of the complaints seek damages due to any bodily injury they sustained because of the alleged defective cooler handles."

33.     By letter dated April 2, 2026, Allianz reaffirmed its denial of coverage for the Individual Class Actions and denied coverage for the Consolidated Class Action.  According to Allianz, "the Consolidated Action complaint does not seek damages because of 'bodily injury.'"

34.     To date, Allianz has not defended Igloo against any of the Individual Class Actions or the Consolidated Class Action, nor has it reimbursed Igloo for the cost of defending any of the Individual Class Actions or the Consolidated Class Action.

35.     All conditions and requirements imposed by the Allianz Policies on Igloo, including but not limited to payment of premiums and timely notice of suits, have been satisfied, waived, or are subject to an estoppel or other avoidance against Allianz.

## <u>COUNT I</u>
### Breach of the Duty to Defend the Individual Class Actions

36.     Igloo incorporates by reference and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37.     The Allianz Policies require Allianz to defend Igloo against lawsuits alleging actual or potential bodily injury during the policy period.

38.     Each of the Individual Class Actions alleges both actual and potential bodily injury during the policy periods of the Allianz Policies.

39.     After receiving notice of the Individual Class Actions, Allianz became contractually obligated to defend Igloo against each of the Individual Class Actions.

40. Allianz failed and refused to defend Igloo or reimburse Igloo for its legal fees and expenses incurred in defending against each of the Individual Class Actions.

41. Allianz's failure and refusal to defend Igloo against the Individual Class Actions or reimburse Igloo for its legal fees and expenses incurred in defending against the Individual Class Actions constitutes a breach of the Allianz Policies.

42. As a direct result of Allianz's breach of the Allianz Policies, Igloo has incurred damages, including unreimbursed attorneys' fees and costs in defending against the Individual Class Actions that should be paid by Allianz. Igloo also has been forced to incur additional consequential damages, including, without limitation, the cost of attorneys' fees and other expenses in connection with this action.

WHEREFORE, Igloo requests entry of judgment in its favor and against Allianz as follows:

A. An award of compensatory damages, including all attorney fees and costs incurred by Igloo in defending the Individual Class Actions, plus prejudgment interest;

B. An award of all attorney fees and costs incurred by Igloo in this action, as well as the maximum additional amount awardable under 215 ILCS § 5/155; and

C. Such other and further relief that this Court deems proper under the evidence and circumstances.

## COUNT II
### Breach of the Duty to Defend the Consolidated Class Action

43. Igloo incorporates by reference and re-alleges paragraphs 1 through 35 as if fully set forth herein.

44. The Allianz Policies require Allianz to defend Igloo against lawsuits alleging actual or potential bodily injury during the policy period.

45. The Consolidated Class Action alleges both actual and potential bodily injury during the policy periods of the Allianz Policies.

46. After receiving notice of the Consolidated Class Action, Allianz became contractually obligated to defend Igloo in the Consolidated Class Action.

47. Allianz failed and refused to defend Igloo or reimburse Igloo for its legal fees and expenses incurred in defending the Consolidated Class Action.

48. Allianz's failure and refusal to defend Igloo against the Consolidated Class Action or reimburse Igloo for its legal fees and expenses incurred in defending the Consolidated Class Action constitutes a breach of the Allianz Policies.

49. As a direct result of Allianz's breach of the Allianz Policies, Igloo has incurred and continues to incur damages, including unreimbursed attorneys' fees and costs in defending the Consolidated Class Action that should be paid by Allianz. Igloo also has been forced to incur additional consequential damages, including, without limitation, the cost of attorneys' fees and other expenses in connection with this action.

WHEREFORE, Igloo requests entry of judgment in its favor and against Allianz as follows:

A. An award of compensatory damages, including all attorney fees and costs incurred by Igloo in defending the Consolidated Class Action, plus prejudgment interest;

B. An award of all attorney fees and costs incurred by Igloo in this action, as well as the maximum additional amount awardable under 215 ILCS § 5/155; and

C. Such other and further relief that this Court deems proper under the evidence and circumstances.

## COUNT III
### Declaratory Judgment: Duty to Defend the Consolidated Class Action

50. Igloo incorporates by reference and re-alleges paragraphs 1 through 35 as if fully set forth herein.

51. The Allianz Policies require Allianz to defend Igloo against lawsuits alleging actual or potential bodily injury during the policy period.

- 9 -

52.     The Consolidated Class Action alleges both actual and potential bodily injury during the policy periods of the Allianz Policies.

53.     After receiving notice of the Consolidated Class Action, Allianz became contractually obligated to defend Igloo in Consolidated Class Action.

54.     Allianz denies that it is obligated to defend Igloo in the Consolidated Class Action.

55.     An actual controversy exists between Igloo and Allianz regarding whether the Allianz Policies obligate Allianz to defend Igloo in the Consolidated Class Action.

WHEREFORE, Igloo requests entry of judgment in its favor and against Allianz as follows:

A.      Declaring that Allianz is obligated to defend Igloo against the Consolidated Class Action; and

B.      Such other and further relief that this Court deems proper under the evidence and circumstances.

Respectfully submitted,

**BLANK ROME LLP**

/s/ Seth D. Lamden
Seth D. Lamden, ARDC #6270134
Jason A. Frye, ARDC #6292848
444 W. Lake Street, Suite 1650
Chicago, Illinois 60606
(312) 776-2600
seth.lamden@blankrome.com
jason.frye@blankrome.com

*Attorneys for Plaintiff, Igloo Products Corp.*

157685987v.4